UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――――
ELIAS MORALES; ENKI
RODRIGUEZ/MORALES,

                Plaintiffs,

      -against-

THE WHOLE ENTIRE NEW YORK POLICE
DEPARTMENT, ET AL.,

                Defendants.
―――――――――――――――――――――――――――――――――

24-CV-4778 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Enki Rodriguez,[1] who is appearing *pro se*, brings this action alleging that Defendants violated his rights. By order dated September 23, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] The caption of the complaint lists Elias Morales and "Enki Rodriguez/Morales" as Plaintiffs. (ECF 1, at 1.) The allegations in the complaint suggest that the two plaintiffs are actually a single person who appears to go primarily by the name Enki Rodriguez. Because the two named plaintiffs appear to be a single person, and because both the complaint and *in forma pauperis* application were signed only by Enki Rodriguez, the Court construes the complaint as brought by a single plaintiff, Enki Rodriguez.

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action using the court's general complaint form. He does not state the basis of the court's jurisdiction of his claims. Plaintiff names more than 60 defendants, including police officers, individuals allegedly working for the FBI and CIA, Bronx District Attorney Darcel Clark, and various private individuals. He states that the events giving rise to his clams occurred between June 11, 1991 and the present day at addresses on Jerome Avenue, Hart Street, Eldert Street, and Bailey Avenue, all of which appear to be streets in the Bronx or Brooklyn, New York, as well as in the State of Georgia.

Plaintiff alleges,[2]

> I was abducted from Puerto Rico 6/11/1991 by Alberto Losman and his wife. He also changed my name with his coworkers illegally. I 1993 he hit me with a nightstick. 1994 Rudy Lopez [illegible] on my face with other officers. 1996 Claray Elba Marisol, Alberto dumped me into Clara HIV period blood. 1998 The sacrificed my father Rodrigo Rodriguez and Jason Lopez was the one who killed

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

2

>him with baseball bat. 2000 Alejandro put his finger in my rectum. 1998 They made threats to kill me and my father at Daryas baby shower. 1998 Jorge Burgos sexually assaulted Isoriya and myself and forced us to have sex together as kids. 2003-2004 Jorge Burgos got a job with an illegal name and sexually molested rapes kids. He didn't rape Saliam Losman. Alberto Losman raped me as well. 2007 they put a latex [illegible] rat [illegible]. [I]t was Madeline Morale's Kotex and [illegible]'s seman. [Illegible] helped Clara, Jason, Marisol, alberto with the rat.
>
>Then on May 2, 2020 Jorge Burgos, Jayson Figuroa Padela, Jason Lopez, Marisol Flores, Juan Jiminez Tenpenny Turner, Alberto Losman planned an attack on me[.] I got punched repeatedly on the back of the head. In front 5 officers. Then Anderson committed perjury and didn't notify me about a fraudulent police report Paula Marshal #6165 Juan Jiminez created this officer he made me wait 2 ½ years before an officer handed me the report they were all in on it. Because [illegible] hes only going to for 2 ½ years. I want to press fed charges on him. Let him serve 5-7 years. Currently I'm homeless and a dirty Sgt. Thinks he's going to put him in jail.

(ECF 1, at 4-5.)

In the space on the complaint form asking Plaintiff to describe his injuries, he states, "I went to get an MRI Imaging done March 21st 2024 NYPD officers tampered with my medical records[.] They consistently tampered with HIPAA all through my life[.] I get punched on the back of the head they found blood and the Kotex and the dead rat. I attached these images." (*Id.* at 5.)

For relief, Plaintiff states that the NYPD owes him an "immediate stipend of 5 million dollars" and that he has "a lot to discuss about money and damages." (*Id.*)

Among the various documents Plaintiff attaches to the complaint is a letter addressed to Judge John G. Koeltl of this court and two FBI agents, in which Plaintiff refers to himself as being affiliated with the CIA. In the letter, Plaintiff states that NYPD officers Jimenez, Flores, Lopez, Losman, "and many more" have committed "endless identity fraud" against him. (*Id.* at 7.) He alleges that an MRI performed on his brain found "[t]he Kotex and [d]ead [r]at," but

3

because of "everything [he's] been going through [his] whole life . . . [he] can't even get paid through the CIA because of the identity fraud situation." (*Id.* at 8.) Plaintiff further alleges,

> I was in Atlanta Georgia from April 20th 2021 to November 2023. Atlanta Police Department Officer Anderson lied to me about an imaginary Sting Operation so that I can stay in Atlanta so these Officers can frame me and tell me the judge that an imaginary person was serving time so they can wipe their charges from the system. Imaginary Sentencing. You know me in the end the bad guys always pay for what they do.

(*Id.*)

In addition, the Atlanta Police Department and NYPD "are illegally snooping through [Plaintiff's] personal information." (*Id.* at 10.) He states,

> I have been using Virtual Private Network to detour their illegal investigations. You know you can't even tell me to not use a VPN as I have the freedom of privacy and I am a victim of Identify theft. They use Stringray, DRTBoxes, Dxycell to illegally track phones and rip their date from their phones.

(*Id.*)

Plaintiff also attaches scans of his head, copies of personal identification documents, various drawings, and a bill for a rental unit from Manhattan Mini Storage.

## DISCUSSION

**A.    Rule 8 of the Federal Rules of Civil Procedure**

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (*per curiam*), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements

4

of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff's complaint does not comply with Rule 8 because it does not include a short and plain statement showing that Plaintiff is entitled to relief. The complaint sets forth various allegations about seemingly unrelated events occurring between 1991 and the present. Moreover, Plaintiff sues numerous defendants, but he does not allege facts explaining how most of the defendants were involved in violating his rights. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint that complies with Rule 8 and the standards set forth below.

**B.    Improper Joinder**

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18(a) permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (holding that "the mere allegation

that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)" (internal quotation marks and citation omitted, alteration in original)). Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Here, Plaintiff attempts to assert unrelated claims against numerous different defendants. For example, he sues various police officers, FBI and CIA agents, and private individuals. He provides no addresses for most of the defendants, and he alleges facts about disparate events such as the alleged murder of his father, sexual abuse, physical assault, and tampering with his medical records.

The Court grants Plaintiff leave to file an amended complaint concerning one of the incidents he details in his current complaint. Plaintiff's amended complaint must comply with Rules 18 and 20 governing joinder and parties. If Plaintiff wishes to pursue the other claims, he must bring those claims by filing separate new civil actions that comply with Rules 18 and 20.

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say that

amendment is futile at this time, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   October 25, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge